No. 24-11112

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

MALCOLM NEELY,

*Plaintiff-Appellant,*

v.

ELMORE COUNTY, et al.,

*Defendants-Appellees*

On Appeal from the United States District Court
for the Middle District of Alabama, Northern Division

2:22-CV-0177-RAH

## APPELLEES' MOTION TO DECLARE APPEAL TO BE FRIVOLOUS AND FOR AN AWARD OF FEES AND DOUBLE COSTS PURSUANT TO FED. R. APP. PRO. 38

Jamie Helen Kidd Frawley
WEBB MCNEILL WALKER PC
One Commerce Street, Suite 700; Montgomery, AL 36104
(334) 262-1850 – T
jfrawley@wmwfirm.com

*Attorney for Appellees*

1

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for Appellees' Elmore County, Elmore County Commission, Commissioner Hines, Commissioner Daughtery, Commissioner Stubbs, Commissioner Mercer, Commissioner Lewis, and Richie Beyer[1] hereby respectfully submits this Certificate of Interested Persons and Corporate Disclosure Statement in accordance with 11th Cir. R. 26.1-2, and lists the following entities/persons as parties in the above-styled proceeding:

1. The Hon. R. Austin Huffaker, Jr., United States District Judge – Judge reassigned to case

2. The Hon. W. Keith Watkins, United States District Judge – Judge initially assigned to case

3. Beyer, IV Walter Richard – Defendant, possible Appellee

4. Daughtery, Mack – Defendant/Appellee

5. Elmore County – Defendant/Appellee

6. Elmore County Commission – Defendant/Appellee

---

[1] As discussed in the Appellees' Brief, is not entirely clear from Appellant Malcom Neely's filings whether and in what capacity the various individual Defendants are included in this appeal. *Compare* Doc. 1, omitting Chief Operations Officer Walter Richard "Richie" Beyer IV from the list of Appellees *and* Doc. 6, listing Beyer as an Appellee.

7.  Frawley, Jamie Helen Kidd – Counsel for Defendants/Appellees

8.  Hines, Henry – Defendant/Appellee

9.  Lewis, Desirae – Defendant/Possible Appellee

10. Mercer, Bart – Defendant/Possible Appellee

11. Neely, Malcolm – Plaintiff/Appellant

12. Stubbs, Troy – Defendant/Possible Appellee

13. Webb McNeill Walker, P.C. – Law Firm of Appellee's Counsel

14. Wilson, Jr. James E. – Counsel for Plaintiff/Appellant

## CORPORATE DISCLOSURE STATEMENT

COME NOW, Elmore County, Elmore County Commission, Commissioner Hines, Commissioner Daughtery, Commissioner Stubbs, Commissioner Mercer, Commissioner Lewis, and Richie Beyer and in accordance with the Order of this Court and Federal Rules of Appellate Procedure, make the following disclosure concerning parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but no trust beneficiaries), affiliates, or similar reportable entities:

Appellees have no reportable entities.

## MOTION TO DECLARE APPEAL FRIVOLOUS AND FOR AN AWARD OF FEES AND DOUBLE COSTS PURSUANT TO FED. R. CIV. PRO. 38

Appellees Elmore County and the Elmore County Commission, and, to the extent that the are Parties to this Appeal, the Elmore County Commissioners and Richie Beyer, in their individual capacities, hereby respectfully file this Motion pursuant to Fed. R. Civ. Pro. 38, seeking a declaration that this appeal is frivolous and an award of damages in the form of attorneys' fees, as well as double costs.

1. "An award of damages and costs under Fed. R. Civ. Pro. 38 is appropriate when an appellant raises 'clearly frivolous claims in the face of established law and clear facts.'" *McLaurin v. Terminix International Company, LP*, 13 F.4th 1232, 1243 (11th Cir. 2021) (quoting *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016)). "A claim is clearly frivolous if it is utterly devoid of merit." *Id.* (internal quotation marks and alteration in *McLaurin* omitted). Although Elmore County recognizes that this standard is high, the circumstances of this case and the lack of any legal merit justify the imposition of this rare sanction.

2. In his Amended Complaint, Neely very clearly alleged a substantive due process claim based on taking private property for an impermissible, non-public use, including as follows:

5

- That his property was taken "to facilitate the ingress and egress of a private party to his property in violation of due process under the Fourteenth Amendment;" (11th Cir. Doc. 14, pg. 21)

- That the "unlawful taking of plaintiff's property along Estes road by defendant County Commission against plaintiff will [sic] interferes with the property rights of plaintiff and serves no public purpose of sufficient magnitude." (Id., pg. 27)

- "That the unlawful taking of plaintiff's property along Estes Road…did not advance the legitimate interests of the County Commission to construct and maintain the roadways in Elmore County" (Id.)

- "That the unlawful taking of plaintiff's property at the direction and approval of the County Commission was done intentionally, maliciously and with conscious disregard to plaintif's right to due process…" (Id., pg. 28)

3. Elmore County, et al., therefore sought summary judgment on this claim primarily by arguing that Neely could not prove an improper purpose. (Docs. 50-51) In response, Neely accused Appellees of "mischaracteriz[ing] Count II of Plaintiff's Complaint," stating that it was actually based on the allegation that "the unlawful taking of plaintiff's property without formal condemnation proceeding

6

violated plaintiffs right to substantive due process as incorporated through the Fourteenth Amendment." (Doc. 53, pg. 8)  Neely instead argued that *Greenbriar LTD v. City of Alabaster*, 881 F.2d 1570 (11th Cir. 1989), set forth a two-prong disjunctive test, by which a plaintiff could make out a substantive due process claim either (1) by showing that there was some deprivation of a federal constitutionally protected interest or (2) showing constitutionally arbitrary and capricious or conscience shocking behavior.  (Doc. 53, pgs. 8-10)  He asserted that he "is not required to establish the encroachment was arbitrary or conscience shocking." (Id., pg. 10)  The district court properly rejected this argument.

4. Although Neely's argument before the district court was without merit, it was at least theoretically based on an (incorrect) interpretation of binding precedent.  In contrast, as discussed in Elmore County's Principal Brief, which is filed contemporaneously with this Motion, Neely's Principal Brief does not cite a single substantive due process case that would support his theory that any alleged "abuse of governmental power" could rise to the level of a substantive due process violation, assumedly because no such case exists.  The cases establishing the very high standard that is required to state a substantive due process claim and the very limited nature of such claims, regardless of the exact right or particular facts of the case, are legion, e.g., *County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Albright*

7

*v. Oliver*, 510 U.S. 266 (1994); *Eknes-Tucker v. Governor of Alabama*, 80 F.4th 1205, 1221 (11th Cir. 2023); *Carr v. Tatangelo*, 338 F.3d 1259, 1271 (11th Cir. 2003). Indeed, *Greenbriar* itself reaffirms that "[i]n applying the two-part test, the key inquiry in a case is the second prong of the test. Substantive due process protects a general right of an individual to be free from the abuse of a governmental power." 881 F.2d at 1577, n.13. Neely does not argue that he could meet this standard. In fact, he does not acknowledge this precedent at all by, i.e., arguing that this precedent should be overturned or that his case presents an exception. He instead simply insists that a substantive due process claim can be stated whenever there is "an abuse of governmental power," ignoring the qualification that, as stated in *Greenbriar*, this abuse must be "sufficient to raise an ordinary tort to the stature of a constitutional violation." 881 F.2d at 1577.

5.  It is worth noting that Neely takes a similar ostrich-like approach to the existence of inverse condemnation action, prescriptive easements, or adverse possession under Alabama law, even though the availability of an inverse condemnation action was the key to the dismissal of his procedural due process claims (Doc. 23, pg. 8) which he has not appealed.

6.  Again, Elmore County recognizes that the standard for declaring an appeal to be frivolous is high; nevertheless, this Court has previously recognized that

8

a claim for substantive due process claims is frivolous when "there was no support in the case law for this claim, which was dismissed based on long-established precedent in the Supreme Court and in this Circuit." *Beach Blitz Co. v. City of Miami Beach, Florida*, 13 F.4th 1289, 1303 (11th Cir. 2021).

7. The circumstances surrounding Neely's change in tack further militate for a finding that the appeal is frivolous. Courts have counseled against finding that a case is frivolous just because it is ultimately unsuccessful: "the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial." *Id.* (quotation and citation omitted). Thus, at the district court level, this suit was not rendered frivolous merely because of Neely's eventual inability to put substantial evidence to support his allegation that the road was widened to facilitate his ingress/egress for a single neighbor.[2] And his scramble to find an alternate theory at summary judgment is not necessarily indicative of having exceeded the bounds of a good faith argument, even though the attempt to disparage Elmore County's

---

[2] Neely testified was based on a conversation with Richie Beyer in which he supposedly stated that the intersection had to be widened because the neighbor couldn't get his cattle trailer up through his fence. (Doc. 51-1, pgs. 60-61) Beyer denies ever speaking to the neighbor – and Neely himself admitted the allegation did not make sense because his neighbor "had never pulled a cattle trailer." (Id. at pg. 61) Neely also testified that he was not alleging that the primary motivation for widening the intersection was to facilitate ingress and egress. (Id. at pg. 64-65)

argument as "mischaracterizing" the claims in the Amended Complaint is frankly problematic. Continuing to appeal this judgment despite the lack of any evidence or supporting authority in his favor not only crosses the line into frivolity, but also tends to establish that, whatever the initial reasons for filing this suit, it has devolved to an attempt to harass Elmore County with vexatious litigation. *See Bonfiglio v. Nugent*, 986 F.2d 1391, 1394 (11th Cir. 1993).

Elmore County, the Elmore County Commission, and, to the extent that they may be Parties to this appeal, the Elmore County Commissioners and Elmore County Chief Operations Officer Richie Beyer, in their individual capacities, therefore respectfully request that this Court find that Neely's appeal is frivolous and award them damages in the form of attorneys' fees, as well as double costs, pursuant to Fed. R. App. Pro. 38.

Respectfully submitted this the 19th day of June 2024.

**/s/Jamie Helen Kidd Frawley**
JAMIE H. KIDD FRAWLEY (ASB-7661-M76H)
Attorneys for Defendants/Appellees
WEBB MCNEILL WALKER PC
One Commerce Street, Ste. 700
Montgomery, AL 36104
(334) 262-1850 – T
(334) 262-1889 – F
jfrawley@wmwfirm.com

# CERTIFICATE OF COMPLIANCE WITH TYPE – VOLUME LIMITATION

The undersigned attorney certifies that this Brief, filed on behalf of Defendants-Appellees complies with Rule 27(d)(1) and Rule 27(d)(2), in that it contains no more than 5,200 words. The entire Motion (excluding the cover page, Certificate of Interested Persons, Corporate Disclosure Statement, Signature, Certificate of Compliance, and Certificate of Service) contains 1313 words, as counted by the word count of the word-processing system used to prepare the document.

Respectfully submitted this 19th day of June 2024

**/s/Jamie Helen Kidd Frawley**
OF COUNSEL

# CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send to all counsel of record.

**/s/Jamie Helen Kidd Frawley**
OF COUNSEL