COURT OF APPEALS NO.: 24-11112

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MALCOLM NEELY
APPELLANT

V.

ELMORE COUNTY,
ELMORE COUNTY COMMISSION ET AL.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REPLY BRIEF OF APPELLANT MALCOLM NEELY

JAMES E. WILSON, JR.
ATTORNEY FOR APPELLANT
4252 CARMICHAEL ROAD SUITE 216
POST OFFICE BOX 6237
MONTGOMERY, ALABAMA 36106
TEL: 334-834-9899
FAX: 334-834-7557
E-MAIL: ATYWILSON@NETZERO.NET

## CERTIFICATE OF INTERESTED PERSONS

Come now appellant Malcolm Neely, pursuant to 11th Cir. Rule 26.1-1 and submits the following list of Interested Persons and Corporate Disclosure Statement.

1. Beyer, IV Walter Richard, Chief Operations Officer for Elmore County, Appellee
2. Daugherty Mack, Elmore County /Commissioner, Appellee
3. Elmore County, Elmore County Commission, Appellees
4. Frawley Jamie H. Kidd, Attorney for Appellees
5. Hines Henry, Elmore County Commissioner, Appellee
6. Huffaker R. Austin, Trial Judge
7. Lewis Desirae, Elmore County Commissioner
8. Mercer Bart, Elmore Commissioner
9. Stubbs Troy, Elmore County Commissioner
10. Wilson, Jr. James E., Attorney for Appellant

I hereby certify no publicly traded company or corporation has an interest in the outcome of the appeal.

i

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS……………….………….i

TABLE OF CITATIONS………………….………………………………ii

ARGUMENT AND CITATIONS OF AUTHORITY………………………1

CERTIFICATE OF COMPLIANCE……………………………….....………………..6

CERTIFICATE OF SERVICE……………….………..…………….…………….6

## TABLE OF CITATIONS

Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 . . . . . . . . . 3

Newport v. Fact Concerts, Inc. 453 U.S. 247 (1981) . . . . . . . . . . . . . . . . . . . . . . 4

Osterneck v. E.T. Bauwick Industries, Inc., 824 F.2d 1521, 1529 (11th Cir.1987). . 2

Owens v. City of Independence, 445 U.S. 622 (1980) . . . . . . . . . . . . . . . . . . . . . 4

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). . . . . . . . . . . . . . . . . . . . . . 4

Rule 59 ( c ) Rules of Appellate Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 USC 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Black's Law Dictionary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# ARGUMENT AND CITATIONS OF AUTHORITY

The Party Appellees To The Appeal

Appellees argue it is unclear who the identified appellees are on appeal. The style of Neely's Complaint in the District Court names the party defendants as Elmore County, Elmore County Commission, Commissioners Henry Hines, Mack Daugherty, Troy Stubbs, Bart Mercer and Desirae Lewis. Doc. 1 pg. 1. Neely further identifies Richie Beyer as a defendant. Doc. 1 pg. 4. In the style of Neely's Amended Complaint, he identifies the party defendants as Elmore County, Elmore County Commission et al. Doc. 15 pg. 1. Neely further identifies the party defendants as Elmore County, Mack Daugherty, Troy Stubbs, Bart Mercer, Desirae Lewis and Richie Beyer. Doc. 15 pgs. 2-3.  The Civil Docket of the District Court identifies the defendants as Elmore County, Elmore County Commission, Commissioner Henry Hines, Mack Daugherty, Troy Stubbs, Bart Mercer, Desirae Lewis and Chief Operations Officer Richie Beyer. Doc 60-1 pgs. 1-2. The style of the Final Judgment of the District Court names as defendants Elmore County, Elmore County Commission et al. Neely's Notice of Appeal identifies the party defendants as Elmore County, Elmore County Commission, et al. Doc. 57.  Neely's Certificate of Interested Persons and Corporate Disclosure Statement identified Walter Richard

1

Beyers and County Commissioners Mack Daugherty, Henry Hines, Desirae Lewis, Bart Mercer, Troy Stubbs, Elmore County and Elmore County Commission. Doc. 6.

Appellees argue Beyer, Commissioners Lewis, Mercer, and Stubbs are not specifically named in the style of the appeal and therefore Neely is not prosecuting the appeal against them. Appellees cite <u>Osterneck v. E. T. Bauwick Industries, Inc</u>. 824 F.2d 1521, 1529 (11th Cir.1987) in support of their argument. Appellees reliance on Osterneck is misplaced. Osterneck involved a challenge to the jurisdictional limits of the appellate court to review only those judgments, orders or portions thereof which are specified in the Notice of Appeal. Osterneck stands for the general rule   appellate courts have jurisdiction to review only those judgments, orders or portions thereof which are specified in the Notice of Appeal. Osterneck also discusses the effectiveness of a Notice of Appeal where a Rule 59(c) motion is pending in the District Court.  Neely's Notice of Appeal identifies the defendants as Elmore County, Elmore County Commission et al. Et al. comes from a Latin phrase meaning "and others".  Blacks Law Dictionary, Revised 4th Ed. Page 653. The Final Judgment is entered in favor of the Elmore County Commission et al. The Certificate of Interested  Persons identifies all party appellees in the appeal. Appellees purported challenge to the lack of appellate jurisdiction over the parties to this appeal is without merit.

## THERE EXIST A GENUINE ISSUE OF MATERIAL FACT WHETHER APPELLEE BEYER SERVED AS A POICYMAKER FOR ELMORE COUNTY AND THE ELMORE COUNTY COMMISSION

Appellees argue that to find in the commissioners liable for the alleged constitutional violation Neely must establish the commissioners were personally involved in road construction or maintenance; that they were actually aware of a "history of widespread abuse" that would put them on notice for the need for additional supervisions; that any individual commissioner had the authority to take curative action by his or herself. Appellees argument is contrary to the holding in <u>Monell v. New York City Dept. of Social Services,</u> 436 U.S. 658, 694, where the Supreme Court held, "the government as an entity is responsible under 1983 when execution of a government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy inflicts the injury." Monell does not require the personal involvement of the commissioners to establish liability under 1983.

> "Monell reasoned that recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality--that is acts which the municipality has  officially sanctioned or ordered . . .
> "Official policy" often refers to formal rules or understandings--often but not always committed to writing--that are intended to and do, establish  fixed  plans  of  action  to  be  followed  under  similar circumstances consistently and over time. . .

3

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered...
>
> The official must also be responsible for establishing final government policy respecting such activity before the municipality can be liable. Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policy making authority is a question of state law. However, like other governmental entities, municipalities often spread policy making authority among various officers and official bodies. As a result, particular officers may have authority to establish binding county policy respecting particular matters and to adjust that policy for the county in changing circumstances. To hold a municipality liable for the actions ordered by such officers exercising their policymaking authority is no more an application of the theory of respondent superior than was holding the municipalities liable for the decisions of the City Councils in Owens and Newport.[1] In each case, municipal liability attached to a single decision to take unlawful actions made by municipal policymakers. We hold that municipal liability under § 1983 attaches-- and only where-- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."

<u>Pembaur v. City of Cincinnati,</u> 475 U.S. 469 (1986)
[i]

Appellees concede there is a genuine issue of material fact as to whether Beyer served as a policymaker in this matter for Elmore County and the Elmore County Commission. Beyer is the Chief Operations Officer for the Elmore County government. All issues regarding the superintendence of public roads are referred to

---

[1] In <u>Owens v. City of Independence,</u> 445 U.S. 622 (1980) the City Council passed a resolution firing plaintiff without a pretermination hearing. In <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981), the City Council canceled license permitting concert because of dispute over content of performance.

4

Beyer for executive action. Neely on numerous occasions attempted to contact his commissioner about the encroachment. On each occasion Neely was referred to Beyer. Beyer spoke with Neely about the encroachment on his land and Beyer made the decision to further expand the encroachment. Beyer was the policymaker on this issue for Elmore County and the Elmore County Commission. Beyer's decision to encroach on Neely's land represents an official policy of Elmore County and the Elmore County Commission. It was Beyer's decision which deprived plaintiff of his land resulting in liability under § 1983 for Elmore County and the Elmore County Commission. The defense of qualified immunity is unavailable where the statute clearly establishes the constitutional right and the execution of the government policy by its policymakers inflicts the injury. The government as an entity is liable under § 1983.

## CERTIFICATE OF COMPLIANCE

    I hereby certify that the brief complies with the Type-volume limit and the Type-style requirements set forth in Rule 32 of the Federal Rules of Appellate Procedure. The brie contains 1623 number of words. The brief complies with the typeface requirements and the type-style requirements because the word – Processing program Microsoft Word (365) and the typeface is in 14-point roman

Dated this 9th day of July 2024.

                                                               /s/James E. Wilson, Jr.
                                                                 Attorney for Appellant

## CERTIFICATE OF SERVICE

    I hereby certify I have e-filed the foregoing with the Clerk of Court and served a copy on Jamie H. Kidd Frawley, Esq. P.O. Box 238. Montgomery, AL. 36101-0238 by placing a copy in the United States Mail postage prepaid this 9th day of July 2024.

                                                                         /s/James E. Wilson, Jr